LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY
BY: Edward T. Finch, Esquire
Identification No. 83692
510 Walnut Street, Suite 1000
Philadelphia, PA  19106
(215) 627-0303

| | |
|---|---|
| CHARLES H. HARTMANN, Executor of the Estate of CLARISE A. HARTMANN and in his own right | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| | APRIL TERM, 2002 |
| V. | |
| | NO. 2774 |
| AC&S, Inc., ET AL. | |

## PRAECIPE TO FILE NOTICE OF REMOVAL

**TO THE PROTHONOTARY:**

Kindly file the attached Notice of Removal in the above-captioned matter.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

BY:

Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

**BWK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES H. HARTMANN, Executor of the
Estate of CLARISE A. HARTMANN and in his
own right

CASE NO. O2 CV -2967

V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

## NOTICE OF REMOVAL

Defendants DaimlerChrysler Corporation, Ford Motor Company and General Motors

Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States

District Court for the Eastern District of Pennsylvania of the claims which have been asserted against

them in the action captioned Charles H. Hartmann, Executor of the Estate of Clarise A. Hartmann

and in his own right v. AC&S, Inc., et al. now pending in the Court of Common Pleas of

Philadelphia County, at No. 0204-2774. This Notice of Removal is filed pursuant to 28 U.S.C.

§ 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.      The action of which the removed claims are a part was commenced in the Court of

Common Pleas of Philadelphia County.

2.      The removed claims are those for personal injury or wrongful death asserted against

the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing

products, including brakes and other automotive parts, manufactured for the automobile

manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.      On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.      The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334.  All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.      Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.      Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

2

7.     The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.     On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.     On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

3

12.    However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

13.    The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.    The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY:

Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written

notice of the removal of this action will be promptly given to all adverse parties and a copy of the

Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

**FOR THE EAST**
the case for the

Address of P                          **Defendants (Names and Addresses):**


Ad⸱     DaimlerChrysler Corporation
        1000 Chrysler Driver
        Auburn Hills, MI  48326-2766

        Ford Motor Company
        Parklane Towers West
        Suite 1500
        Three Parklane Boulevard
        Dearborn, MI  48126-2568

        General Motors Corporation
        400 Renaissance Center
        P.O. Box 400
        Detroit, MI  48265-4000


        Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or
        indemnitor to or of:

                Fel-Pro, Inc.,

                Ferodo America, Inc.,

                Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

                Moog Automotive Inc., formerly known as Wagner Electric Corporation,

                Pneumo Abex Corp., or

                T&N plc.

                2655 Northwestern Highway
                Southfield, MI  48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES A. ROCKS, JR. and JUDITH ROCKS, his wife

        CASE NO.

    V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)    Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.     ( )

(b)    Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c)    Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.     ( )

(d)    Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( X )

(e)    Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f)    Standard Management – Cases that do not fall into any one of the other tracks.     ( )

May 23, 2002
_____
(Date)

_____
Attorney-at-law

Edward T. Finch, Esquire
Attorney For

DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

JS44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Charles H. Hartmann, Executor of the Estate of Clarise A. Hartmann and in his own right

## DEFENDANTS
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James T. Fitzgerald, Esquire
Law Offices of Peter G. Angelos, P.C.
The Wanamaker Building - 100 Penn Square East
Philadelphia, PA 19107
(215) 963-9333

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

■ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a).

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
■ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 520 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 442 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
☐ 1 Original Proceeding
■ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
In Excess of $50,000.00

Check YES only if demanded in complaint:
JURY DEMAND ■ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE
DOCKET NUMBER 01-CV-5981

DATE
May 23, 2002

SIGNATURE OF ATTORNEY OF RECORD
Edward T. Finch, Esquire

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Defendants (Names and Addresses):**

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI  48326-2766

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI  48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI  48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

     Fel-Pro, Inc.,

     Ferodo America, Inc.,

     Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

     Moog Automotive Inc., formerly known as Wagner Electric Corporation,

     Pneumo Abex Corp., or

     T&N plc.

2655 Northwestern Highway
Southfield, MI  48034

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Mark A. Kowit, Esquire
PA S. Ct. I.D. No. 57793
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania  19107
(215) 963-9333

Charles H. Hartmann, Executor of the :   IN THE COURT OF COMMON
Estate of Clarise A. Hartmann and in :    PLEAS OF PHILADELPHIA
his own right                        :    COUNTY, PENNSYLVANIA
      757 Beech Avenue
      Glenolden, PA 19036                        TERM,    APRIL 2002

**ATTEST**

                                     :    NO.
                        APR 1 8 2002     COMPLAINT
               Plaintiffs           :    PERSONAL INJURY
v.                                        SOME - ACTION -   002774
                MARLEASA NEWSOME
                PRO. PROTHY  Defendants
AC&S, Inc.,et al.,                   :    ASBESTOS - 2090
           Defendants                :    JURY TRIAL DEMANDED

                NOTICE                              AVISO
       YOU HAVE BEEN SUED IN COURT.  If      LE HAN DEMANDADO A USTED EN LA CORTE.  Si
you wish to defend against the claims set    usted quiere defenderse de estas demandas
forth in the following pages, you must       expuestas en las paginas siguientes, usted
take action within twenty (20) days after    tiene veinte (20) dias de plazo al partir
this Complaint and Notice are served, by     de la fecha de la demanda y la
entering a written appearance personally     notificacion.  Hace falta ascentar una
or by attorney and filing in writing with    comparencia escrita o en persona o con un
the Court your defenses or objections to     abogado y entregar a la corte en form
the claims set forth against you.  You are   excrita sus defensas o sus objeciones a
warned that if you fail to do so the case    las demandas en contra de su persona.  Sea
may proceed without you and a judgment may   avisado que si usted no se defiende, la
be entered against you by the Court          corte tomara medidas y puede continuar la
without further notice for any money         demanda en contra suya sin previo aviso o
claimed in the Complaint of for any other    notificacion.  Ademas, la corte puede
claim or relief requested by the             decidir a favor del demandante y requiere
Plaintiff.  You may lose money or            que used cumpla con todas las provisiones
property or other rights important to you.   de esta demanda.  Usted puede perder
                                             dinero o sus propiedades u otros derechos
                                             importantes para usted.

       YOU SHOULD TAKE THIS PAPER TO YOUR       LLEVE ESTA DEMANDA A UN ABOGADO
LAWYER AT ONCE.  IF YOU DO NOT HAVE A        INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI
LAWYER OR CANNOT AFFORD ONE, GO TO OR        NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL
TELEPHONE THE OFFICE SET FORTH BELOW TO      SERVICIO, VAYA EN PERSONA O LLAME POR
FIND OUT WHERE YOU CAN GET LEGAL HELP.       TELEFONO A LA OFICINA CUYA DIRECCION SE
       PHILADELPHIA BAR ASSOCIATION          ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR
   LAWYER REFERRAL AND INFORMATION SERVICE   DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
          One Reading Center                 ASOCIACION DE LICENCIADOS DE  FILADELFIA
   Philadelphia, PA  19107   Telephone:              One Reading Center
          (215) 238-1701                         Philadelphia, PA  19107
                                                 Telefono:  (215) 238-1701

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
Edward P. Monaghan, Esquire
PA S. Ct. I.D. No. 45775
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Mark A. Kowit, Esquire
PA S. Ct. I.D. No. 57793
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania 19107
(215) 963-9333

| | | |
|---|---|---|
| Charles H. Hartmann, Executor of | * | |
| the Estate of Clarise A. Hartmann, | * | COMMON PLEAS OF |
| and in his own right | * | PHILADELPHIA COUNTY |
| 757 Beech Avenue | * | |
| Glenolden, PA 19036 | * | PENNSYLVANIA |
| | * | |
| | * | PENNSYLVANIA |
| | * | |
| Plaintiffs | * | TERM, |
| | * | No. |
| VS. | * | COMPLAINT - |
| | * | PERSONAL INJURY |
| | * | |
| | * | CIVIL ACTION - |
| A C & S, Inc.  001 | * | ASBESTOS - 2090 |
| 120 N. Lime Street | * | |
| Lancaster, Pennsylvania  17602 | * | JURY TRIAL DEMANDED |
| | * | |
| and | * | |
| | * | |
| ABEX CORPORATION 046 | * | |
| Corporation Service Company | * | |
| 2704 Commerce Drive Suite B | * | |
| Harrisburg,  PA  17110 | * | |
| | * | |
| and | * | |
| | | |
| AMCHEM PRODUCTS, INC.  229 | * | |
| c/o C.T. Coporation System | * | |

1

```
1515 Market Street                      *
Philadelphia, PA  19109                 *
                                        *
        and                             *
                                        *
AMERICAN STANDARD, INC. 2251            *
c/o C.T. Coporation System              *
1515 Market Street                      *
Philadelphia, PA  19109                 *
                                        *
        and                             *
                                        *
ATLANTIC RICHFIELD COMPANY 2323         *
c./o CT Corporation Systems             *
1515 Market Street                      *
Philadelphia, PA 19103                  *
                                        *
        and                             *
                                        *
BORG WARNER CORPORATION I55             *
c/o CT Corporation System               *
1515 Market Street                      *
Philadelphia, PA 19103                  *
                                        *
        and                             *
                                        *
B.F. GOODRICH COMPANY 2419              *
c/o CT Corporation System               *
1515 Market Street                      *
Philadelphia, PA 19103                  *
                                        *
        and                             *
                                        *
                                        *
BRAND INSULATIONS, INC. 057             *
c/o C.T. Coporation System              *
1515 Market Street                      *
Philadelphia, PA  19109                 *
                                        *
        and                             *
                                        *
```

2

CLAYTON DUBILIER & RICE  2692          *
c/o The Corporation Trust Company      *
1209 Orange Street                     *
Wilmington, DE  19801                  *
                                       *
        and                            *
                                       *
CLEAVER-BROOKS, INC.  155              *
A Division of Aqua-Chem, Inc.          *
c/o C.T. Coporation System             *
1515 Market Street                     *
Philadelphia, PA  19109                *
                                       *
        and                            *
                                       *
DAIMLER CHRYSLER CORPORATION, f/k/a*
CHRYSLER MOTORS CORPORATION, f/k/a *
CHRYSLER CORPORATION 433               *
12000 Chrysler Drive                   *
Detroit, MI 48288-0001                 *
                                       *
        and                            *
                                       *
FORD MOTOR COMPANY 105                 *
c/o Sidney Kelly                       *
The American Road                      *
Dearborn, MI 48121                     *
                                       *
        and                            *
                                       *
FOSTER-WHEELER CORPORATION  131        *
668 5th Avenue                         *
New York, New York  10103              *
                                       *
        and                            *
                                       *
GENERAL ELECTRIC I64                   *
3515 Easton Turnpike                   *
Fairfield, CT 06432                    *

3

```
                                          *
        and                               *
                                          *
GENERAL MOTORS CORPORATION 3225           *
c/o CT Corporation Trust                  *
1515 Market Street                        *
Philadelphia, PA 19103                    *
                                          *
        and                               *
                                          *
H.B. SMITH COMPANY, INC. 157              *
47 Westfield Industrial Park   Road       *
Westfield, MA 01085                       *
                                          *
        and                               *
                                          *
HONEYWELL INTERNATIONAL INC. f/k/a        *
ALLIED SIGNAL, INC. successor to          *
Bendix Corporation 280                    *
c/o CT Corporation System                 *
1515 Market Street                        *
Philadelphia, PA 19103                    *
                                          *
        and                               *
                                          *
OWENS ILLINOIS, INC. 032                  *
P.O. Box 1035                             *
Toledo, OH 43604                          *
                                          *
        and                               *
                                          *
PFIZER, INC.  102                         *
235 East 42nd Street                      *
New York, New York  10017                 *
                                          *
        and                               *
                                          *
RAPID AMERICAN CORPORATION 4095           *
Corporation Service Center                *
2704 Commerce Drive                       *
Suite B                                   *
Harrisburg, PA 17110                      *
```

4

                and                                    *
                                                       *
        UNIROYAL, INC   043                            *
        Uniroyal Holding's Incorporated                *
        World Headquarters                             *
        70 Great Hill Road                             *
        Naugatuck, CT 06770                            *
                                                       *
                                                       *
                and                                    *
                                                       *
        VIACOM, INC. succesor by merger to *
        CBS CORPORATION f/k/a WESTINGHOUSE  *
        ELECTRIC I4934                                 *
        Gateway #6, 2nd Floor                          *
        11 Stanwix Street                              *
        Pittsburgh, PA 15222                           *
                                                       *
                and                                    *
                                                       *
        WEIL MCLAIN, A DIVISION OF THE                 *
        MARLEY COMPANY, A WHOLLY OWNED                 *
        SUBSIDIARY OF UNITED DOMINION                  *
        INDUSTRIES, INC. 163                           *
        c/o C.T. Coporation System                     *
        1515 Market Street                             *
        Philadelphia, PA   19109                       *
                                                       *

## SHORT FORM COMPLAINT

        AND NOW comes Charles H. Hartmann, Executor of the Estate of

Clarise A. Hartmann by and through his attorneys Edward P.

Monaghan, James T. Fitzgerald, Mark A. Kowit and the Law Offices

of Peter G. Angelos,P.C.  and files this Complaint and in support

5

thereof avers the following:

1.  Plaintiff incorporates by reference Plaintiffs' Master Long
Form Complaint in Re:  Asbestos Litigation in Philadelphia Court
of Common Pleas, filed as of October Term 1986, No. 8610-0001 as
though set forth in its complete text.  Pursuant to an Order
dated July 30, 1986 and signed by the Honorable Richard B. Klein
and the Honorable Edward J. Blake the following short form
complaint is utilized in this asbestos action.

2.  Plaintiff would also name as defendants the Johns-Manville
Corporation, the Johns Manville Sales Corporation, UNARCO, Amatex
Corporation, Forty Eight Insulators Incorporated, Wallace and
Gale Company, Nicolet Industries, Pacor, Inc., Raymark Industries
Inc., Raymark Corporation and Raytech, DI Distributors Inc. f/k/a
Delaware Insulation Company, Inc., Carey Canada, Celotex
Corporation, Eagle Picher Industries, Inc., Keene Corporation,
Rock Wool Manufacturing Co., H.K. Porter Company, Inc.,Pittsburgh
Corning Corporation, Asbestos Claims Management Corporation f/k/a
National Gypsum, GI Holdings, Inc. f/k/a GAF Corporation, Owens
Corning, Fibreboard Corporation, Armstrong World Industries,
Inc., W.R. Grace & Co. - Conn., United States Gypsum Company,
U.S. Mineral Products and T&N Plc.; however, each of these
potential defendants has filed for relief or been forced into

6

involuntary bankruptcy under Chapter 11 of the Bankruptcy Code and, pursuant to 11 U.S.C. Section 362, the institution of actions against these companies is stayed.   Plaintiffs would have brought suit against the companies enumerated in this paragraph but for the automatic stay.

3.   Defendant, Rapid-American Corporation, is a corporation duly organized and existing under the laws of the State of Delaware with its registered agent being in C/O Prentice Hall Corp. System, 319 Market Street, Harrisburg, Pa. 17101.

4.   Defendant, Rapid-American Corporation, is liable to the plaintiffs for all damages caused or substantially caused by asbestos containing products of Philip Carey Manufacturing Corporation and or Philip Carey Manufacturing Company.

5.   Rapid-American Corporation and or its predecessors merged with, and explicitly and impliedly assumed the liabilities of, Glen Alden Corporation after Glen Alden Corporation had merged with, and explicitly and impliedly assumed the liabilities of, Philip Carey Manufacturing Corporation.

6.   Glen Alden Corporation also formed a subsidiary, Philip Carey Manufacturing Company, which continued to conduct the asbestos business.

7.   The corporate relationship between Rapid-American Corporation

7

and Glen Alden Corporation, and Glen Alden's merger and

subsequent formation of a separate asbestos company, as well as

Rapid-American's express and implied assumption of all

liabilities at every stage of every merger involving a

predecessor corporation and Philip Carey Manufacturing Company

and Philip Carey Manufacturing Corporation are the basis of

Rapid-American Corporation's liability in this matter.

8.   At all times material hereto, Philip Carey Manufacturing

Company and Philip Carey Manufacturing Corporation mined,

manufactured, produced, distributed and sold asbestos products

which were used within the Commonwealth of Pennsylvania,

including, but not limited to:  Hightemp Pipecovering and Block,

85% Magnesia Pipecovering and Block, Air Cell Covering, Fibrous

Adhesive Bonding, Careytemp Bonding, 7-m-90 Asbestos Shorts,

Insulation Cement, Vitracel Cement (Refractory Finishing), LF 20

Asbestos Cement (long fiber), No. 100 Asbestos Cement (hard

finish), No. 303 Asbestos Cement, Asbestos Cement, MW-50 Cement,

No. 707 Insulating Cement, Thermotex-B Mastic and asbestos

shingles, roofing products and asbestos paper.

9.   Defendant,Uniroyal Inc., formerly known as United States

Rubber Co., is a corporation duly organized and existing under

the laws of the State of New Jersey with its registered agent

8

being in C/O Prentice Hall Corporation System, 319 Market Street,
Harrisburg, PA 17101.

10.  At all times material hereto, Uniroyal, Inc., formerly known
as United States Rubber Co., manufactured, produced, distributed
and sold asbestos containing products which were used within the
Commonwealth of Pennsylvania, including but not limited to:
Asbeston yarns, tapes and  fabrics. The fabrics were woven into a
variety of products not limited to, asbestos containing safety
clothing, insulation jacketing and fire blankets.

11.  At the direction and control of Clayton & Dubilier, Inc. CDU
Acquisition Inc. acquired all outstanding shares of Defendant
Uniroyal, Inc.'s  common stock in 1985. At that time, CDU
Acquisition, Inc. was wholly-owned by Clayton & Dubilier, Inc.
Clayton & Dubilier, Inc. changed its corporate name to Clayton
Dubilier & Rice, Inc. in or around 1993. Clayton Dubilier & Rice,
Inc. is the successor in interest to Clayton and Dubilier, Inc.
Clayton & Dubilier, Inc. had acquired Uniroyal, Inc., upon
information and belief, for the purpose of dismantling its
corporate structure and selling off its assets  at a profit
inuring to Clayton & Dubilier, Inc.  Clayton & Dubilier, Inc.
expressly and impliedly assumed the liabilities of Uniroyal, Inc.
upon the purchase of all shares of common stock of Uniroyal, Inc.

9

Clayton & Dubilier, Inc. and Clayton Dubilier & Rice, Inc. as successor in interest have not otherwise provided for the satisfaction of contingent liabilities of Uniroyal, Inc. from the funds it derived upon the sale of Uniroyal, Inc.'s assets. Defendant, Uniroyal, Inc., was liquidated in 1986.

12.   Defendant, Clayton Dubilier & Rice, Inc., is a corporation duly organized and existing under the laws of the State of Delaware with its registered agent being in c/o The Corporation Trust Company 1209 Orange St. Wilmington, DE 19801.

13.   Defendant American Standard Inc. is a Delaware Corporation with its principle place of business in New York and is doing business in the Commonwealth of Pennsylvania.  It is the successor in interest to Westinghouse Air Brake Co., which sold asbestos-containing products such as, but not limited to, gaskets, brake shoes and brake linings.   American Standard, Inc. or its other predecessor, Ideal, sold asbestos containing boilers and cement to which plaintiff was exposed.

14. Defendant H.B. Smith Company, Inc., sued in its corporate capacity with its main office at 47 Westfield Industrial Park Road, Westfield, MA 01085.  Defendant, H.B. Smith Company, Inc. manufactured, produced and sold, among other products, asbestos containing rope, wick, insulating cement, furnace cement, fill

10

and millboard for use during installation of its boilers.

15.   Defendant Weil McLain Company, A division of the Marley
Company, a wholly owned subsidiary of United Dominion Industries,
Inc.,   which is a corporation organized and existing under the
laws of the State of Delaware with its principle place of
business in Kansas which is doing business in the Commonwealth of
Pennsylvania.  At all times material hereto, Defendant Weil-
McLain, manufactured, produced and sold, either directly or
indirectly, in the geographical area in which the plaintiffs
worked and/or to the employers of plaintiffs and/or to
contractors on job sites on which plaintiffs worked, asbsestos
products.

16.   Defendant, Cleaver-Brooks, Inc., is a Delaware corporation
with a principle place of business located in Lebanon,
Pennsylvania.  At all times material hereto Cleaver-Brooks, Inc.
sold boilers which were designed or intended to be insulated with
asbestos.  Because the boilers failed to contain adequate and
sufficient warnings of the possible hazards of asbestos, they
were defective and the conduct of the defendant in selling those
products without such warnings was negligent.  Since asbestos
insulation on the boilers had to be removed, it was dangerous and
warnings should have been given.

11

17. Defendant, Viacom, Inc. successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation with its registered office at Gateway #6, 2nd Floor, 11 Stanwix Street, Pittsburgh, Pennsylvania 15222. Defendant Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation manufactured various products, including but not limited to electrical products, gaskets, valves, packing, brakes, and machinery which either contained asbestos or required the installation of asbestos.

18. Defendant, Honeywell International Inc. f/ka/ Allied Signal, Inc., successor to Bendix Corporation, sued in its corporate capacity, and as a successor in interest to inter alia, Allied Corp. and Allied Signal, Inc. Defendant Allied Signal, Inc. is a Delaware based corporation with its principle place of businesss located at Columbia Road and Park Avenue, Morristown, NJ 07962. At all times material hereto, it or its predecessor(s) in interest manufactured and/or sold, among other products, asbestos containing brake shoes, linings, blocks and pads and other asbestos-containing brake related automotive products.

19. Defendant ABEX CORPORATION is a Delaware based corporation located at 485 Frontage Road Burr Bridge, Illinois 60521. At all times material hereto it or its predecessor(s) in interest

12

manufactured and/or sold, inter alia, among other products, asbestos containing brake shoes, linings, blocks and pads and other  asbestos containing brake related automotive products.

20.  Defendant B.F. Goodrich Company, sued in its corporate capacity, and as a successor in interest to inter alia, Goodrich B.F. Company and B.F. Goodrich with its registered office at c/o CT Corporation System, 1515 Market Street, Philadelphia, PA 19103 Defendant, B.F. Goodrich Company manufactured and/or sold, among other products, automotive brake products.

21.  Borg Warner Corporation, is a corporation duly organized and existing under the laws of the State of Michigan with a principle place of business at 615 Griswold, Detroit Michigan with its registered agent at 1515 Market Street, Philadelphia, PA 19109. At all times material hereto, defendant Borg Warner Coporation, manufactured, produced and/or sold asbestos products, either directly or indirectly to the employers of the plaintiffs and/or its predecessors, asbestos products including, but not limited to, asbestos brake shoes, asbestos brake linings and other asbestos friction products.

22.  Defendant Daimler Chrysler Corporation, f/k/a Chrysler Motors Corporation, f/k/a Chrysler Corporation is a Michigan based corporation with its main office located at 12000 Chrysler

13

Drive, Detroit, Michigan 48282. At all times material hereto it
or its predecessor(s) in interest manufactured and/or sold, inter
alia, among other products, asbestos containing brake shoes,
linings, blocks and pads and other asbestos containing brake
related automotive products.

23. Defendant Ford Motor Company is a Michigan based corporation
with its main office located at the American Road, Dearborn,
Michigan, 48121. At all times material hereto it or its
predecessor(s) in interest manufactured and/or sold inter alia,
among other products, asbestos containing brake shoes, linings,
blocks and pads and other asbestos containing brake related
automotive products.

24. Defendant General Motors Corporation is a Pennsylvania
corporation with its registered agent at c/o CT Corporation
System, 1515 Market Street, Philadelphia, PA 19103. At all times
material hereto, it or its predecessor(s) in interest
manufactured and/or sold, among other products, asbestos
containing brakes, linings and motors for automotive
installations.

25. This Complaint involves the claims of the following persons:

    a.   Plaintiff-Executor("Plaintiff"):

    Name: Charles H. Hartmann

14

Address: 757 Beech Avenue, Glenolden, PA 19036

b.  Decedent: Clarise A. Hartmann

Decedent's Social Security No.  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

Decedent's Date of Birth: 08/24/35

Decedent's Date of Death: 11/24/01

26.  Plaintiff is the spouse of Clarise A. Hartmann, hereinafter
referred to as Plaintiff's decedent, and is the Executor of the
Estate of Clarise A. Hartmann.  Plaintiff was granted letters by
the Register of Wills of Delaware County, Pennsylvania.

27.  Plaintiff brings this action on behalf of himself and the
following persons who are entitled to recover damages in this
action.

| Name | Relationship to Decedent | Address |
|------|--------------------------|---------|
| Stephen C. Hartmann | Son | 755 Beech Avenue Glenolden, PA 19036 |
| Charles S. Hartmann | Son | 36 Taber Road Sherman, CT 06784 |

28.  Plaintiff's decedent did not bring an action against any of
the defendants in this action for damages for the injuries
causing Plaintiff's decedent's death.

29.  No other action for the wrongful death of the decedent has
been commenced against any of the defendants in this action.

30.  The defendants are those companies listed in the caption.

15

31. Plaintiff was employed by various employers at various
locations and at each location was exposed to the asbestos
products of the defendants herein.

32. At all times from 1965 to the present plaintiff was a member
of the Carpenters Local Union 845.

33. The aforementioned Local 845 maintains its principle place
of business, and operates a hiring hall, at 1501 Spring Garden
Street, Philadelphia, Pennsylvania.

34. Plaintiff, as a skilled building tradesman and member of
Local 845 was assigned to job sites designated in the city of
Philadelphia and surrounding counties.

35. At various times during the years from the 1950's to the
present Plaintiff regularly did automotive repairs, including
brake work through which plaintiff was exposed to the asbestos
products of the defendants herein.

36. The air plaintiff breathed at these jobsites was
contaminated with asbestos dust and fibers shed by asbestos
products sold, manufactured or distributed by the defendant
corporations and each of them during the period 1947 to 1989
while he was employed by the various employers averred in
paragraph 31 above.

37. The work clothing plaintiff wore was contaminated with

16

manufactured or distributed by the defendant corporations during

the entire period from 1947 to 1989 while he was employed by the

various employers averred in paragraph 31 above.

38.  As a result of living with Plaintiff and as a result of

laundering his clothing, plaintiff's decedent came into contact

with and inhaled the asbestos particles, dust and fibers carried

on the person and/or clothing of Plaintiff and or brought into

their residence.

39. Plaintiffs' decedent first learned of the injury which forms

the basis for this claim on or about June 13, 2000.

40.  Plaintiff's decedent was first diagnosed as having asbestos

related lung cancer in June 13, 2000.

41.  Plaintiffs' decedent died on November 24, 2001 as a direct

result of her asbestos related lung cancer and the inhalation of

the asbestos fibers manufactured and/or supplied by the

defendants named herein.

42.  Plaintiffs' decedent developed asbestos related lung cancer

which was solely and proximately caused by her exposure to and

use of the asbestos products which were manufactured, sold and or

supplied by the above named defendant corporations.

43.  A claim for lost wages is not asserted at this time.

WHEREFORE, Plaintiffs demand judgment against all defendants

17

WHEREFORE, Plaintiffs demand judgment against all defendants
named in this Complaint, and each of them, in an amount in excess
of fifty thousand dollars ($50,000.00) for compensatory damages
and in excess of fifty thousand dollars ($50,000.00) for punitive
damages, plus costs, attorney's fees and such further relief as
may be appropriate.

### COUNT XI: Premises Liability

44.   Plaintiffs repeat, reiterate and reallege each and every
allegation contained in paragraphs 1 through 43 with the same
force and effect as if hereinafter set forth at length.
45.   Defendant Atlantic Richfield Company is a Delaware
corporation which regularly conducts business in the County of
Philadelphia and in the Commonwealth of Pennsylvania with its
principle place of business at 515 South Flower Street, Los
Angeles, California.   Defendant Atlantic Richfield Company did
business under the name Atlantic Refining Company.   At all times
material hereto, upon information and belief, defendant Atlantic
Richfield Company did own fully or partially, lease, manage, work
upon and/or control the oil refinery located in Philadelphia,
Pennsylvania, known at all times material hereto as the Atlantic
Refinery and subsequently ARCO Refinery.

18

46.  This count is brought by the Plaintiff solely against
Defendant, Atlantic Richfield Company, (hereinafter referred to
collectively as the "Premise Liability Defendant") and is brought
in addition to the allegations contained in the Master Long Form
complaint, which are incorporated herein by reference as though
set forth in their complete text.

47.  On numerous occasions and for substantial periods of time
the Plaintiff was invited onto and lawfully entered upon property
owned and controlled by the Premises Liability Defendant as a
business invitee.  The Plaintiff had been specifically requested
to perform work and services for the benefit and aid of said
Defendant on these occasions. At all such times, Plaintiff was
employed by corporations other than the Premises Liability
Defendant.

48.  The Premise Liability Defendant, owed a duty to the
Plaintiff to use due care to maintain the property free of
unreasonably dangerous and defective conditions and to adequately
warn the Plaintiff of existing dangerous and defective conditions
on the premises.

49.  While upon property owned and controlled by the Premises
Liability Defendant as a business invitee, Plaintiff was exposed
to, and breathed dust shed by, large quantities of asbestos-

19

containing products.

50.   At all times complained of herein the Premises Liability
Defendant knew or should have known large quantities of asbestos-
containing products were present upon the premises.

51.   At all times complained of herein the Premises Liability
Defendant knew or should have known the asbestos-containing
products released dangerous levels of airborne asbestos fibers
during application, deterioration and removal.

52. At all times complained of herein the Premises Liability
Defendant knew or should have known the plaintiff would
necessarily work with, around, or in close proximity to these
asbestos-containing products while they were being applied,
removed or in the process of deteriorating and would inhale large
quantities of asbestos fibers.

53. At all times complained of herein the Premises Liability
Defendant knew or should have known the inhalation of asbestos
fibers could cause pleural disease, asbestosis, lung carcinoma,
malignant mesothelioma, carcinoma of the gastrointestinal tract,
and other malignant and non-malignant diseases.

54.   At all times complained of herein, the Premises Liability
Defendant knew or should have known Plaintiff was unaware of the
dangers associated with asbestos exposure, or the full magnitude

20

of that danger, and therefore was not capable of taking adequate measures to protect himself.

55.  At all times complained of herein the Premises Liability Defendant failed to otherwise exercise control as owners of their property in a manner calculated to maintain their premises free of asbestos, an unnecessarily dangerous and defective condition, and thereby protect the health of their business invitees.

56.  At all times complained of herein the Premises Liability Defendant failed to remove and contain the asbestos materials so as to render the premises safe.

57.  At all times complained of herein the Premises Liability Defendant failed to cease and discontinue further installation of asbestos-containing products on their premises.

58.  The Premises Liability Defendant knew or should have known of the conditions set forth in paragraphs 44 through 59 and at all times complained of herein were in a superior position to that of the Plaintiff to know the dangers of asbestos.  The Premises Liability Defendant was negligent in its failure to warn the Plaintiff and other persons similarly situated of the dangerous and defective condition of the premises brought by the presence of asbestos.

59.  The actions or omission of the Premises Liability Defendant

21

set forth in Paragraph 44 through 59 of this Complaint was the cause of or was a significant contributing factor in bringing about the physical injuries set forth in Paragraph 42 of this complaint and all damages suffered by the Plaintiff resulting from these physical injuries.

WHEREFORE, in addition to, or in the alternative to the relief requested in Counts I through X supra, Plaintiff demands judgement against Atlantic Richfield Company, jointly and severally as to themselves and each and every other defendant named in this Complaint in an amount of in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages and Fifty Thousand Dollars ($50,000.00) for punitive damages, plus costs, attorney's fees and such further relief as may be appropriate.

LAW OFFICE OF PETER G. ANGELOS, P.C.

BY: _____

Mark A. Kowit, ESQUIRE
LAW OFFICES OF PETER G. ANGELOS, P.C.
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA  19107
(215) 963-9333

22

I verify that the statements made in this Complaint are true and correct to the best of my knowledge and belief.    I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.   Section 4904 relating to unsworn falsification to authorities.

Dated_____          X _____

LAW OFFICES OF PETER G. ANGELOS, P.C.
Edward P. Monaghan, Esquire
Pa. S. Ct, I,.D. No.  45775
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No.  43178
Mark A. Kowit, Esquire
PA S . Ct. I.D. No.  57793
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA 19107
(215) 963-9333

| | | |
|---|---|---|
| Charles H. Hartmann, Executor | * | IN THE COURT OF COMMON |
| of the Estate of Clarise A. | * | PLEAS OF PHILADELPHIA |
| Hartmann and in his own right | * | |
|   757 Beech Avenue | * | COUNTY, PENNSYLVANIA |
|   Glenolden, PA 19036 | * | |
| | * | |
| | * | TERM, |
| | * | |
|         Plaintiff | * | NO. |
| VS | * | |
| | * | COMPLAINT |
| AC&S, Inc., et al | * | PERSONAL INJURY |
| | * | |
| | * | CIVIL ACTION - |
|         Defendants | * | ASBESTOS - 2090 |
| | * | JURY TRIAL DEMANDED |
| | * | |

*******************************************************************

This is to certify that this is a true and correct copy of the foregoing Complaint in the above captioned case.

LAW OFFICES OF PETER G. ANGELOS, P.C.

BY: _Mark Kowit_____

Mark A. Kowit, Esquire
Law Offices of Peter G. Angelos, P.C.
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA 19107
(215)963-9333